WO                                                                                          MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Douglas W. Derello,

              Plaintiff,

v.

David Shinn, et al.,

              Defendants.

No.  CV 20-00956-PHX-MTL (JFM)

**ORDER**

On May 14, 2020, Plaintiff Douglas W. Derello, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983.  In a May 22, 2020 Order, the Court gave Plaintiff thirty days to either pay the filing and administrative fees or file an Application to Proceed In Forma Pauperis.

On May 28, 2020, Plaintiff filed an Application to Proceed In Forma Pauperis (Doc. 5) and a Motion to Correct Complaint (Doc. 7).  The Court will grant the Application to Proceed and Motion to Correct, direct the Clerk of Court to file the amended complaint attached the Motion to Correct, order Defendant Carr to answer the Eighth Amendment deliberate indifference claim in the First Amended Complaint, and dismiss the remaining claims and Defendant Shinn without prejudice.

## I.    Application to Proceed In Forma Pauperis and Filing Fee

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C.

TERMPSREF

1    § 1915(b)(1).  The Court will assess an initial partial filing fee of $77.18.  The remainder

2    of the fee will be collected monthly in payments of 20% of the previous month's income

3    credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.

4    28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate

5    government agency to collect and forward the fees according to the statutory formula.

6    **II.      Statutory Screening of Prisoner Complaints**

7           The Court is required to screen complaints brought by prisoners seeking relief

8    against a governmental entity or an officer or an employee of a governmental entity.  28

9    U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

10   has raised claims that are legally frivolous or malicious, that fail to state a claim upon which

11   relief may be granted, or that seek monetary relief from a defendant who is immune from

12   such relief.  28 U.S.C. § 1915A(b)(1)–(2).

13          A pleading must contain a "short and plain statement of the claim *showing* that the

14   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does

15   not demand detailed factual allegations, "it demands more than an unadorned, the-

16   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

17   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

18   conclusory statements, do not suffice."  *Id.*

19          "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

20   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

21   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

22   that allows the court to draw the reasonable inference that the defendant is liable for the

23   misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for

24   relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

25   experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual

26   allegations may be consistent with a constitutional claim, a court must assess whether there

27   are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

28   . . . .

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**III.    Motion to Correct Complaint**

Plaintiff seeks to correct errors in his Complaint and has attached a revised complaint to his Motion. The Court, in its discretion, will grant Plaintiff's Motion. The Court will direct the Clerk of Court to file the revised complaint as Plaintiff's "First Amended Complaint."[1]

**IV.    First Amended Complaint**

The First Amended Complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court treats the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Thus, the Court will consider only those claims raised in the First Amended Complaint against only those Defendants named in the First Amended Complaint.

In his one-count First Amended Complaint, Plaintiff sues Defendants Arizona Department of Corrections (ADC) Director David Shinn and Special Management Unit (SMU) Deputy Warden Carr. He alleges Defendants have violated his First and Eighth Amendment rights.

Plaintiff contends Defendant Carr is the deputy warden of the unit where Plaintiff is confined and Defendant Shinn is the "final policy implementer" for ADC policies and procedures and "touts to the responsibilities to maintain the good health and safety" for his staff and for prisoners incarcerated in Arizona. Plaintiff claims he is a Black male, is almost 63 years old, has several serious medical conditions, and, therefore, is in a "high risk category that makes [him] susceptible to the [Coronavirus Disease 2019 (COVID-19)]."

---

[1] Plaintiff mistakenly refers to the document as a "second" amended complaint.

1    Plaintiff asserts that Defendant Carr knows or should know that Plaintiff is in a high-risk
2    category and that Defendants Shinn and Carr, through their actions or inactions, "have
3    failed with their deliberate indifference" to enforce or implement policies and procedures
4    to protect prisoners from COVID-19 and have created conditions at SMU that imperil
5    Plaintiff.

6    　　　Plaintiff claims Defendant Shinn either knows about or is responsible for a March
7    18, 2020 media advisory regarding ADC's COVID-19 Management Strategy that
8    discussed ADC's protocol for prisoner safety during the pandemic.  Plaintiff alleges
9    Defendant Shinn has not exercised supervision over or provided additional training to
10   Defendant Carr to assure that Defendant Carr has posted memoranda regarding safety
11   precautions or carried out ADC directives.  Specifically, Plaintiff contends he and other
12   inmates at SMU are not given hand sanitizer or soap when they request it and are not given
13   disinfectant to clean their cells, communal telephones, showers, or other surfaces.  Plaintiff
14   also asserts that although prisoners at another unit are making protective face masks for
15   correctional officers, prisoners at SMU are not entitled to a face mask.

16   　　　Plaintiff alleges that an inmate who had been housed around Plaintiff for several
17   months was quarantined due to COVID-19.  Plaintiff contends that although Defendant
18   Carr knew the inmate had "been to recreation and association," Defendant Carr did not
19   advise Plaintiff or other inmates about the sick inmate and did not take any additional
20   measures to make sure Plaintiff and others had not been infected.  He claims Defendant
21   Carr did not offer medical attention or provide sanitation or protective procedures.

22   　　　Plaintiff also claims that Defendant Shinn has designated SMU as a medical hub for
23   prisoners who exhibit COVID-19 symptoms and that these prisoners are housed on the
24   same wing as Plaintiff.  Plaintiff contends he must use a computer to access the court
25   because of medical reasons and he must sit in the hallway to use the computer.  He alleges
26   that while he does so, prisoners with COVID-19 symptoms are escorted by correctional
27   officials wearing personal protective equipment.  Plaintiff asserts that, therefore, Defendant
28   Carr has presented him with a "Hobson's Choice."

1    Plaintiff also alleges Defendant Carr has failed to allow Plaintiff to exercise his First
2    Amendment right "griev[e] against government wrongs," even though Defendant Carr
3    knows or should know that the "grievance process is the gate[]way to civil litigation," and
4    "his Unit has made a practice/custom of obstructing that process."  Plaintiff contends he
5    even tried to use ADC policy to speak with the Administrative Investigation Unit to lodge
6    his complaints, but his attempts were futile.

7    In his Request for Relief, Plaintiff seeks monetary damages; his filing fees;
8    declaratory relief; either a change in policies or enforcement of existing policies; to be
9    allowed a mask, additional protection when using the computer, and hand sanitizer; for
10   cells and showers to be thoroughly sanitized, and to "not to be placed in danger of
11   COVID-19 prisoners due to the carelessness of [Defendant] Shinn, [Defendant] Carr, or
12   ADC[]."

13   **V.    Claims for Which an Answer Will be Required**

14   Liberally construed, Plaintiff has stated an Eighth Amendment deliberate
15   indifference claim against Defendant Carr.  The Court will require Defendant Carr to
16   answer this claim.

17   **VI.    Failure to State a Claim**

18   Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519,
19   520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey*
20   *v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a
21   civil rights complaint may not supply essential elements of the claim that were not initially
22   pled.  *Id.*

23   To state a valid claim under § 1983, plaintiffs must allege that they suffered a
24   specific injury as a result of specific conduct of a defendant and show an affirmative link
25   between the injury and the conduct of that defendant.  *See Rizzo v. Goode*, 423 U.S. 362,
26   371-72, 377 (1976).  There is no respondeat superior liability under § 1983, and therefore,
27   a defendant's position as the supervisor of persons who allegedly violated Plaintiff's
28   constitutional rights does not impose liability.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658

1  (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d

2  1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to . . . § 1983 suits,

3  a plaintiff must plead that each Government-official defendant, through the official's own

4  individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.  "A plaintiff must

5  allege facts, not simply conclusions, that show that an individual was personally involved

6  in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.

7  1998).

8        **A.    Defendant Shinn**

9        To state a claim based on a failure to train or supervise, a plaintiff must allege facts

10  to support that the alleged failure amounted to deliberate indifference.  *Canell v. Lightner*,

11  143 F.3d 1210, 1213 (9th Cir. 1998).  A plaintiff must allege facts to support that not only

12  was particular training or supervision inadequate, but also that such inadequacy was the

13  result of "a 'deliberate' or 'conscious' choice" on the part of the defendant.  *Id.* at 1213-

14  14; *see Clement v. Gomez,* 298 F.3d 898, 905 (9th Cir. 2002) (a plaintiff must allege facts

15  to support that "in light of the duties assigned to specific officers or employees, the need

16  for more or different training is [so] obvious, and the inadequacy so likely to result in

17  violations of constitutional rights, that the policy[]makers . . . can reasonably be said to

18  have been deliberately indifferent to the need."  (quoting *City of Canton v. Harris*, 489

19  U.S. 378, 390 (1989))).  A plaintiff must also show a "sufficient causal connection between

20  the supervisor's wrongful conduct and the constitutional violation."  *Redman v. County of*

21  *San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations omitted).

22        Plaintiff has failed to make any allegations regarding the training and supervision

23  Defendant Shinn actually provided, how that training and supervision was inadequate, or

24  how those inadequacies led to Plaintiff's injuries.  Plaintiff's allegations are too vague and

25  conclusory to state a failure-to-train or failure-to-supervise claim against Defendant Shinn,

26  and the Court will therefore dismiss this claim.

27  . . . .

28  . . . .

1   **B.    Defendant Carr - Access to the Court**

2           Prisoners have a right under the First and Fourteenth Amendments to litigate their

3   claims "without *active interference* by prison officials."  *Silva v. DiVittorio*, 658 F.3d 1090,

4   1103 (9th Cir. 2011) (emphasis in original), *overruled on other grounds as stated in Richey*

5   *v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).  The right of access to the courts is only

6   a right to bring petitions or complaints to federal court and not a right to discover such

7   claims or even to ligate them effectively once filed with a court.  *Lewis v. Casey*, 518 U.S.

8   343, 354 (1996).  The right "guarantees no particular methodology but rather the conferral

9   of a capability–the capability of bringing contemplated challenges to sentences or

10  conditions of confinement before the courts."  *Id*. at 356.

11          As a matter of standing for an access-to-courts claim, a plaintiff must show that he

12  suffered an "actual injury"—i.e., "actual prejudice with respect to contemplated or existing

13  litigation, such as the inability to meet a filing deadline or to present a claim."  *Id.* at 348

14  (citation omitted); *see also Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) ("Mere 'delay

15  in being able to work on one's legal action or communicate with the courts does not rise to

16  the level of a constitutional violation.'") (citations omitted); *cf. Silva*, 658 F.3d at 1104

17  (actual injury alleged where plaintiff claimed pending lawsuits had been dismissed as the

18  result of defendants' actions).  A prisoner must demonstrate that defendants' conduct

19  frustrated or impeded him from bringing to court a nonfrivolous or arguable claim he

20  wished to present.  *Lewis*, 518 U.S. at 353 and n.3.

21          Plaintiff's vague and conclusory allegation that Defendant Carr has given him a

22  "Hobson's Choice," presumably because Plaintiff has to sit in a hallway where inmates

23  with COVID-19 symptoms pass to use a computer to access the court, does not suggest

24  that Plaintiff has suffered any actual injury.  Moreover it is unclear whether Plaintiff has

25  requested an alternative place to use the computer and, if so, what response, if any,

26  Defendant Carr gave.  Absent more, Plaintiff's allegations are too vague and conclusory to

27  state an access-to-the-court claim against Defendant Carr.

28  . . . .

### C.     Defendant Carr - Grievances

Prisoners have a First Amendment right to file prison grievances, *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005), but "[t]here is no legitimate claim of entitlement to a grievance procedure," *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988), and the failure to follow grievance procedures does not give rise to a due process claim. *See Flournoy v. Fairman*, 897 F. Supp. 350, 354 (N.D. Ill. 1995) (jail grievance procedures did not create a substantive right enforceable under § 1983); *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986) (violations of grievance system procedures do not deprive inmates of constitutional rights). "[N]o constitutional right was violated by the defendants' failure, if any, to process all of the grievances [plaintiff] submitted for consideration." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). In addition, "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials. Moreover, the First Amendment's right to redress of grievances is satisfied by the availability of a judicial remedy." *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003); *see also Ashann-Ra v. Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) (failure to comply with state's grievance procedure is not actionable under § 1983 and does not compromise an inmate's right of access to the courts).

Plaintiff's allegations that Defendant Carr has failed to allow Plaintiff to exercise his right to grieve and has "made a practice/custom of obstructing that process" are vague and conclusory allegations without any factual specificity as to what Defendant Carr did or failed to do. Thus, the Court will dismiss without prejudice this portion of Plaintiff's First Amended Complaint.

## VII.    Warnings

### A.     Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or

(2) file a <u>non</u>-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.     Copies**

Because Plaintiff is currently confined in an Arizona Department of Corrections unit subject to General Order 14-17, Plaintiff is not required to serve Defendant with a copy of every document he files or to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Federal Rule of Civil Procedure 5 and Local Rule of Civil Procedure 5.4.  Plaintiff may comply with Federal Rule of Civil Procedure 5(d) by including, with every document he files, a certificate of service stating that this case is subject to General Order 14-17 and indicating the date the document was delivered to prison officials for filing with the Court.

**If** Plaintiff is transferred to a unit other than one subject to General Order 14-17, he will be required to: (a) serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files, and include a certificate stating that a copy of the filing was served; and (b) submit an additional copy of every filing for use by the Court. *See* Fed. R. Civ. P. 5(a) and (d); LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

. . . .

1    **IT IS ORDERED:**

2        (1)    Plaintiff's Application to Proceed In Forma Pauperis (Doc. 5) is **granted**.

3        (2)    As required by the accompanying Order to the appropriate government

4    agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee

5    of $77.18.

6        (3)    Plaintiff's Motion to Correct Complaint (Doc. 7) is **granted**.

7        (4)    The Clerk of Court must **docket separately** the amended complaint (Doc. 7

8    at 2-8) as Plaintiff's "First Amended Complaint."

9        (5)    Defendant Shinn, and Plaintiff's grievance and access-to-the-court claims

10   against Defendant Carr, are **dismissed** without prejudice.

11       (6)    Defendant Carr must answer the Eighth Amendment deliberate indifference

12   claim in the First Amended Complaint.

13       (7)    The Clerk of Court must send Plaintiff this Order, and a copy of the

14   Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request

15   for Waiver of Service of Summons form for Defendant Carr.

16       (8)    Plaintiff must complete[2] and return the service packet to the Clerk of Court

17   within 21 days of the date of filing of this Order.  The United States Marshal will not

18   provide service of process if Plaintiff fails to comply with this Order.

19       (9)    If Plaintiff does not either obtain a waiver of service of the summons or

20   complete service of the Summons and First Amended Complaint on Defendant within 90

21   days of the filing of the Complaint or within 60 days of the filing of this Order, whichever

22   is later, the action may be dismissed.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

23       (10)    The United States Marshal must retain the Summons, a copy of the First

24   Amended Complaint, and a copy of this Order for future use.

25   . . . .

26   

27          [2] If a Defendant is an officer or employee of the Arizona Department of Corrections,

28   Plaintiff must list the address of the specific institution where the officer or employee works.  Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

(11)   The United States Marshal must notify Defendant Carr of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendant must include a copy of this Order.

(12)   If Defendant Carr agrees to waive service of the Summons and First Amended Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(13)   The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a)   personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)   within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

. . . .

. . . .

TERMPSREF

(14)   Defendant Carr must answer the relevant portion of the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(15)   This matter is referred to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 19th day of June, 2020.

Michael T. Liburdi
Michael T. Liburdi
United States District Judge