SH

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas W. Derello, | No. CV-20-00956-PHX-MTL (JFM) |
| Plaintiff, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Defendants. | |

Plaintiff Douglas W. Derello, who is currently confined at the Arizona State Prison Complex-Eyman, Special Management Unit (SMU) I in Florence, Arizona, brought this pro se civil rights action pursuant to 42 U.S.C. § 1983.  Defendant Carr moves for summary judgment, and Plaintiff opposes the motion.  (Docs. 16, 24.)[1]   Also before the Court is Plaintiff's Motion to Secure Documents, which the Court construes as a motion for injunctive relief.  (Doc. 22.)

**I.     Background**

Upon screening Plaintiff's First Amended Complaint (Doc. 8) under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated an Eighth Amendment deliberate indifference claim against SMU Deputy Warden Carr.  (Doc. 9 at 5.)  The Court ordered Defendant Carr to answer and dismissed the remaining claims and Defendants.  (*Id.* at 10.)

In his surviving claim against Defendant Carr, Plaintiff alleges that between February 5, 2020 and April 7, 2020, Defendant Carr failed to enforce or implement policies

---

[1] The Court provided notice to Plaintiff pursuant to *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (en banc), regarding the requirements of a response.  (Doc. 18.)

and procedures to protect prisoners confined at SMU I from COVID-19 and that during that time, Defendant Carr created conditions at SMU I that put Plaintiff, who has several serious medical conditions, in peril. (Doc. 8.) Specifically, Plaintiff alleges that a prisoner who had been housed around Plaintiff for several months was quarantined due to COVID-19 and that although Defendant Carr knew the prisoner had "been to recreation and association," Defendant Carr did not advise Plaintiff or other prisoners about the sick prisoner and did not take any additional measures to make sure Plaintiff and others had not been infected. (*Id.*) Plaintiff claims Defendant Carr did not offer medical attention or provide sanitation or protective procedures. (*Id.*)

Defendant Carr now moves for summary judgment and argues that Plaintiff failed to exhaust the available administrative remedy. (Doc. 16.)[2]

**II.    Motion to Secure Documents**

On November 3, 2020, Plaintiff filed a "Motion to Secure Documents" in which he alleges that SMU property Sergeant Harris, and other members of the property staff, have either destroyed or lost two boxes of legal documents that contain documents pertaining to this case, including four SMU movement sheets. (Doc. 22 at 1.) Plaintiff asks for his legal property to be returned to him so that he can use them as exhibits in this case. (*Id.*)

In response, Defendant Carr argues that the four movement sheets were confiscated as contraband because they contained the names, location, prisoner numbers, and other information of prisoners other than Plaintiff. (Doc. 25 at 2.) Defendant Carr provided the Court with redacted copies of the movements sheets and asserted that if Plaintiff propounds written discovery requests seeking the movements sheets, he will respond to the request as may be appropriate. (*Id.*) Defendant Carr also asserts that Plaintiff arrived at SMU I with 16 legal boxes and that pursuant to department policy, Plaintiff is allowed to keep 3 of his legal boxes with him in his cell. (Doc. 30 at 2.) The other 13 boxes are kept in legal

---

[2] Plaintiff has indicated that his Response also serves as a Cross-Motion for Summary Judgment. (*See* Doc. 24 at 5; Doc. 26.) The Court will direct the Clerk of Court to update the docket to reflect that Plaintiff's Response is also a Cross-Motion for Summary Judgment.

storage, and at any time, Plaintiff can swap out any of the 3 legal boxes in his cell for any of the legal boxes that are in storage. (*Id.* at 3.) Plaintiff also has personal property consisting of 5 boxes and an ice chest that are kept in long-term storage, and he is allowed to keep one personal property box in his cell. (*Id.* at 3.) These items will not be destroyed and will be transferred with Plaintiff if he is ever moved to a different unit. (*Id.*)

A preliminary injunction is an "extraordinary remedy" that may be granted only where the movant shows that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Am. Trucking Ass'n, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009). An injunction should not issue if it "is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997). But if the request for relief concerns the prisoner's access to the courts, "a nexus between the preliminary relief and the ultimate relief sought is not required." *Prince v. Schriro, et al.*, CV 08-1299-PHX-SRB, 2009 WL 1456648, at *4 (D. Ariz. May 22, 2009) (citing *Diamontiney v. Borg*, 918 F.2d 793, 796 (9th Cir. 1990)).

Here, Plaintiff's allegations in his motion for injunctive relief arise from events distinct from his Eighth Amendment claim that is before the Court. New claims may not be presented in a motion for injunctive relief and must be brought in a separate action. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (a party seeking injunctive relief must establish a relationship between the claimed injury and the conduct asserted in the complaint).

Moreover, even if the Court construes Plaintiff's allegations in the motion for injunctive relief as an access-to-courts claim, Plaintiff's request for injunctive relief still fails. To maintain an access-to-courts claim, a prisoner must submit evidence showing an "actual injury" resulting from the defendant's actions. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). With respect to an existing case, the actual injury must be "actual

prejudice . . . such as the inability to meet a filing deadline or to present a claim." *Id*. at 348-49. Plaintiff has failed to show a likelihood of success on the merits or irreparable injury as it pertains to an access-to-courts claim. There is no evidence that Plaintiff has faced an unreasonable delay or the inability to file anything in this action. A review of the docket in this matter reflects that Plaintiff has filed numerous motions and notices to the Court. Plaintiff has not shown that his ability to litigate this or any other case has been impeded. Plaintiff has not been prevented from bringing a claim as a result of the alleged conduct. Plaintiff vaguely alleges that some of the missing documents "are pertinent to this case," but Plaintiff has not specifically identified what those missing documents are or how they are relevant to his claim in this action, and Plaintiff has not shown that he requested to swap out his legal boxes and was denied. (Doc. 22 at 1.) Plaintiff has not identified any particular materials he needs returned to prosecute this action, and, absent more specific arguments about which materials he needs and why, and that he has been denied those materials, the Court cannot conclude that Plaintiff faces irreparable harm either generally or with regards to his success in this lawsuit without a preliminary injunction ordering the return of those items. Plaintiff's vague assertions are insufficient to establish actual injury. Plaintiff has also failed to satisfy the remaining requirements that must be shown to warrant injunctive relief. *See Winter*, 555 U.S. at 20; *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011) (because the plaintiffs failed to show they are likely to suffer irreparable harm in the absence of preliminary relief, the court need not address the remaining elements of the preliminary injunction standard). For the foregoing reasons, the Court will deny Plaintiff's motion for injunctive relief.

**III.     Exhaustion**

    **A.     Legal Standard**

Under the Prison Litigation Reform Act, a prisoner must exhaust "available" administrative remedies before filing an action in federal court. *See* 42 U.S.C. § 1997e(a); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006); *Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005). The prisoner must complete the administrative review process in

accordance with the applicable rules. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The defendant bears the initial burden to show that there was an available administrative remedy and that the prisoner did not exhaust it. *Albino v. Baca*, 747 F.3d 1162, 1169, 1172 (9th Cir. 2014); *see Brown*, 422 F.3d at 936-37 (a defendant must demonstrate that applicable relief remained available in the grievance process). Once that showing is made, the burden shifts to the prisoner, who must either demonstrate that he, in fact, exhausted administrative remedies or "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172. The ultimate burden, however, rests with the defendant. *Id.* Summary judgment is appropriate if the undisputed evidence, viewed in the light most favorable to the prisoner, shows a failure to exhaust. *Id.* at 1166, 1168; *see* Fed. R. Civ. P. 56(a).

If summary judgment is denied, disputed factual questions relevant to exhaustion should be decided by the judge; a plaintiff is not entitled to a jury trial on the issue of exhaustion. *Albino*, 747 F.3d at 1170-71. But if a court finds that the prisoner exhausted administrative remedies, that administrative remedies were not available, or that the failure to exhaust administrative remedies should be excused, the case proceeds to the merits. *Id.* at 1171.

**B.     Relevant Facts**

      **1.     Arizona Department of Corrections (ADC) Grievance Process**

ADC has adopted Department Order (DO) 802 to address prisoners' complaints regarding their conditions of confinement. (Doc. 17 (Defs.' Statement of Facts) ¶¶ 7, 10.) The version of DO 802 effective October 16, 2016 was the applicable version at the time that Plaintiff's claim in this action arose. (*Id*. ¶ 7.)

Pursuant to DO 802, prisoners must first attempt to resolve their complaints through

informal means, such as discussing the issue with staff or submitting an Inmate Informal Complaint Resolution Form to their unit Correctional Officer (CO) III. (*Id.* ¶¶ 17–18.) If the prisoner is unable to resolve the issue informally, the prisoner may submit a Formal Grievance to the unit Grievance Coordinator, who will log the grievance, investigate the claims therein, and forward it to the Deputy Warden for response. (*Id.* ¶¶ 20–21.)

If the prisoner is not satisfied with the Deputy Warden's response, the prisoner may submit an Inmate Grievance Appeal to the Grievance Coordinator, who will log the appeal, and forward it to the Central Office Appeals Officer; the Central Office prepares a written response and forwards it to the ADC Director for approval and signature. (*Id.* ¶¶ 22–23.) The Director's decision is final and constitutes completion of the grievance process. (*Id.* ¶ 24.)

If a prisoner does not receive a timely response from the designated prison official at any point during the grievance process, the prisoner may proceed to the next stage of the grievance process the day after the response was due. (*Id.* ¶ 25.)

### 2. Plaintiff's Grievances

Plaintiff was housed at SMU I from April 10, 2019 to July 20, 2020, and from August 27, 2020 to the present. (Doc. 17-1 at 6 (Milburn Decl. ¶ 22).)

SMU I Grievance Coordinator Christina Milburn reviewed the SMU I Grievance Log for all medical and non-medical Formal Grievances and Grievance Appeals submitted by Plaintiff from February 5, 2020 to June 19, 2020, and her search did not return any results. (*Id.* ¶¶ 23, 26.) Milburn also searched the SMU I Grievance Log for all unprocessed Formal Grievances and Grievance Appeals submitted by Plaintiff during that same period, and her search did not return any results. (*Id.* ¶¶ 24, 26.)

Plaintiff disputes Milburn's findings and has submitted evidence showing that on April 14, 2020, he submitted a Formal Grievance complaining that he was being forced to "use the computer in the hallway next to 1-B, with all the [COVID-19] prisoners [without] a mask or any other protection" and that some of the kitchen workers were not wearing masks. (Doc. 24 at 13 (Pl.'s Ex. 1).)

1    Grievance Appeals Officer Loresa Purden reviewed the Central Office Grievance
2    Appeal Log and Grievance Appeal File for all Grievance Appeals filed by Plaintiff between
3    February 5, 2020 to June 19, 2020, and she did not find any record of Plaintiff submitting
4    a Grievance Appeal regarding his claim against Defendant Carr in this action. (Doc. 17-1
5    at 24–25 (Purden Decl. ¶¶ 1, 7–8).)

**C.    Discussion**

Defendant Carr has met his initial burden at summary judgment of showing that there was an administrative remedy available to Plaintiff as outlined in DO 802 and that Plaintiff did not complete this process with respect to his Eighth Amendment claim in this action. Accordingly, the burden shifts to Plaintiff to either show that he exhausted the available remedy or that the remedy was effectively unavailable to him. *Albino*, 747 F.3d at 1172. The facts in the record do no support either finding.

Plaintiff argues that the grievance process was unavailable to him because "numerous of his legal documents have been destroyed by ADC staff" and that "documents that would have supported his complaint [have] been destroyed/confiscated" by ADC officials. (Doc. 24 at 4, 8.) Plaintiff asserts that he attempted to pursue the grievance process regarding his claim against Defendant Carr, that he "did file an appeal, that was never responded to[,]" and that he "faced obstacles in that pursuit that prevented him from exhausting" including having "his legal documents destroyed by ADC staff whereby, some of those documents pertained to this case against [C]arr." (*Id.* at 3, 10.) But Plaintiff does not explain what these documents were or how they pertained to his Eighth Amendment claim in this action or, more importantly, to the issue of exhaustion. (*Id.* at 4.)

The record shows that on April 14, 2020, Plaintiff submitted a Formal Grievance complaining that kitchen workers were not wearing masks and that he had to use a computer in a hallway where prisoners with COVID-19 repeatedly passed by him. The fact that this grievance was not found in ADC's grievance logs is troubling. However, Plaintiff's claim regarding using the computer in the hallway was dismissed by the Court at screening (*see* Doc. 9 at 7), and Plaintiff did not allege facts regarding the kitchen

workers' use of masks in the First Amended Complaint. Thus, the April 14, 2020 Formal Grievance has no bearing on whether Plaintiff exhausted his remaining claim in this action. But even if the Formal Grievance did pertain to Plaintiff's claim in this action, there is no evidence that he appealed it to the ADC Director. Plaintiff asserts that he did file an appeal (*see* Doc. 24 at 3), but construing this in Plaintiff's favor, even if Plaintiff did file a Grievance Appeal at some point, Plaintiff does not explain the contents of the appeal, when he submitted it, or to whom he submitted the appeal. Absent specific evidence showing that Plaintiff followed all of the steps of the grievance process with respect to his claim against Defendant Carr, or credible evidence showing that he was thwarted from doing so by a prison official, Plaintiff's unsupported statements are insufficient to show that he exhausted his claim against Defendant Carr or that the administrative remedy was unavailable to him. Accordingly, Defendant Carr's Motion for Summary Judgment will be granted, and Plaintiff's Cross-Motion for Summary Judgment will be denied.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendant Carr's Motion for Summary Judgment (Doc. 16), Plaintiff's Motion to Secure Documents (Doc. 22), and Plaintiff's Cross-Motion for Summary Judgment (Doc. 24).

(2) The Clerk of Court must update the docket to reflect that Plaintiff's Response filed at Doc. 24 is also a Cross-Motion for Summary Judgment.

(3) Plaintiff's Motion to Secure Documents (Doc. 22) is **denied**.

(4) Plaintiff's Cross-Motion for Summary Judgment (Doc. 24) is **denied**.

(5) Defendant Carr's Motion for Summary Judgment (Doc. 16) is **granted**, and the action is **dismissed without prejudice** for failure to exhaust the available administrative remedy.

. . .

. . .

. . .

. . .

(6) The Clerk of Court must terminate the action and enter judgment accordingly.

Dated this 28th day of December, 2020.

_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge