SH

1  WO

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| Douglas W. Derello, | No. CV-20-00956-PHX-MTL (JFM) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Defendants. | |

Plaintiff Douglas W. Derello, who is currently confined at the Arizona State Prison Complex-Eyman, Special Management Unit (SMU) I in Florence, Arizona, brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. On December 29, 2020, the Court granted summary judgment to Defendant Carr based on Plaintiff's failure to exhaust the available administrative remedy. (Doc. 31.) Plaintiff now seeks reconsideration of the December 29, 2020 Order. (Doc. 33.)

The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that

resulted in the Order.  Failure to comply with this subsection may be grounds for denial of the motion.

LRCiv 7.2(g)(1).

"Absent good cause shown," a motion for reconsideration must be filed "no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion."  LRCiv. 7.2(g)(2).  Plaintiff filed his Motion more than 14 days after the December 29, 2020 Order, and he has not shown good cause for the untimely filing. Therefore, his Motion is untimely and must be denied.

To the extent Plaintiff seeks relief under Federal Rule of Civil Procedure 60,[1] that request will also be denied.  Rule 60(b) sets forth the grounds for relief from judgment and "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).  The moving party bears the burden of proving the existence of a basis for Rule 60(b) relief.  *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988).  Although the moving party's factual allegations are to be accepted as true, mere legal conclusions, general denials, or simple assertions are insufficient to justify overturning the underlying judgment.  *Id.*

Here, Plaintiff argues that he has discovered "new evidence [that was] not available at the time of Summary Judgment."  (Doc. 33 at 1.)  Specifically, Plaintiff points to a grievance that he filed on April 14, 2020 in which he asked whether any prisoners in his pod had been infected with COVID-19.  (*Id.* at 3.)  But this evidence does not warrant relief

---

[1] Plaintiff states that he is seeking relief under Federal Rule of Civil Procedure 59(e), but Rule 59(e) applies to interlocutory orders, and Plaintiff seeks to vacate a final order, so Rule 60(b) applies.  Notwithstanding, Plaintiff also fails to meet the standard under Rule 59(e) because he has not presented newly discovered evidence, a change in intervening law, or clear error by the Court that would warrant relief under Rule 59(e). *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003) ("[a] Rule 59(e) motion should not be granted 'unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law'" (inner citation omitted)).

under Rule 60(b).  In the December 29, 2020 Order, the Court determined that there were no facts in the record showing that Plaintiff appealed his claim against Defendant Carr to the Arizona Department of Corrections (ADC) Director, which is the final step of the ADC administrative grievance process.  (*See* Doc. 31 at 8 ("Absent specific evidence showing that Plaintiff followed all of the steps of the grievance process with respect to his claim against Defendant Carr, or credible evidence showing that he was thwarted from doing so by a prison official, Plaintiff's unsupported statements are insufficient to show that he exhausted his claim against Defendant Carr or that the administrative remedy was unavailable to him").)  Thus, Plaintiff's new evidence does not change the Court's finding that Plaintiff did not complete the grievance process.

Plaintiff also argues that the Court overlooked certain statements he made in an April 14, 2020 grievance that he submitted as evidence in opposition to summary judgment. (*See* Doc. 33 at 2.)  But again, this evidence has no bearing on whether Plaintiff completed the final step of the grievance process by filing an appeal to the ADC Director.

For the foregoing reasons, Plaintiff has not shown that reconsideration of the December 29, 2020 is warranted, and his Motion will be denied.  Accordingly,

**IT IS ORDERED** that the reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion for Reconsideration (Doc. 33), and the Motion is **denied**.

Dated this 2nd day of February, 2021.

Michael T. Liburdi
United States District Judge